UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
COREY JESSUP,

               Plaintiff,

                                 MEMORANDUM & ORDER
    -against-                14-CV-0950(JS)(AKT)

ARMOR CORR. HEALTH SERVICE, INC.,
and VICKY HAILY, Administrator,

               Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:       Corey Jessup, pro se
                    13009189
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No appearances.

SEYBERT, District Judge:

        On February 7, 2014, incarcerated pro se plaintiff Corey Jessup ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Armor Corr. Health Service, Inc., and Vicky Haily, administrator, ("Haily" and together, "Defendants"), accompanied by an application to proceed in forma pauperis.

        Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITH LEAVE TO AMEND.

BACKGROUND[1]

Plaintiff's Complaint, submitted on the Court's civil rights complaint form, alleges that Plaintiff was denied adequate medical care while incarcerated at the Nassau County Correctional Center. (Compl. ¶ IV.) More specifically, Plaintiff alleges that he takes three doses of Dilantin daily to control his epilepsy but, on December 31, 2013, he was not given a dose until 3:20 p.m. (Compl. ¶ IV.) On January 1, 2014, Plaintiff claims that he was not given his second dose of seizure medication and, as a result, "went into a seizure attack" that night. (Compl. ¶ IV.) Plaintiff also claims that, on January 7, 2014, he was not given his seizure medication until 8:00 p.m. although he was supposed to take it at 2:00 p.m. (Compl. ¶ IV.) Accordingly, Plaintiff wrote to Haily "who [has] yet to answer my letter." (Compl. ¶ IV.)

As a result, Plaintiff claims to have suffered unspecified "injuries due to improper attention recieved [sic] by Armor Corr. Health Service." (Compl. ¶ IV.A.) Plaintiff also claims that Armor "show[ed] inadequate health care by not taking me to Nassau County Medical Center along with neglect." (Compl. ¶ IV.A.) Plaintiff seeks to recover a damages award against the Defendants of $1 million for "frustration, anxiety, [and] inadequate health care[,] that led to a seizure on 1-1-14."

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

(Compl. ¶ V.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id.; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53

4

(2d Cir. 1999)).

   A. <u>Claim Against Armor</u>

Plaintiff names Armor as a Defendant but does not include any factual allegations against it. The Court's research reveals that Armor Correctional Health, Inc. is "a private company contracted to perform medical services for inmates at the Nassau County Correctional Center." <u>See</u> <u>Gaines v. Armor Health Care, Inc.</u>, No. 12-CV-4666, 2012 WL 5438931, at *3 (E.D.N.Y. 2012) (citing <u>Briel v. Sposato</u>, No. 12-CV-2868, 2012 WL 3697806, at *5 (E.D.N.Y. Aug. 21, 2012) (additional citation omitted)).

It is well-established that "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." <u>Filarsky v. Delia</u>, --- U.S. ----, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012). Thus, a private employer acting under color of state law may be held liable under Section 1983 for the acts of its employees where the unconstitutional act was authorized or undertaken pursuant to the official policy of the private entity employer and the employer was jointly engaged with state officials or its conduct is chargeable to the state. <u>Rojas v. Alexander's Dep't Store, Inc.</u>, 924 F.2d 406, 408-09 (2d Cir. 1990); <u>Dilworth v. Goldberg</u>, 914 F. Supp. 2d 433, 452 (S.D.N.Y. 2012); <u>Mejia v. City on New York</u>, 119 F. Supp. 2d 232, 275 (E.D.N.Y. 2000) (collecting cases). Moreover, there is no <u>respondeat</u> <u>superior</u> liability for Section 1983 claims and, in the

5

absence of any allegations of individual liability, dismissal is required. Minneci v. Pollard, --- U.S. ----, 132 S. Ct. 617, 625, 181 L. Ed. 2d 606 (2012); Southerland v. City of N.Y., 681 F.3d 122, 137 (2d Cir. 2012).

Here, as is readily apparent, Plaintiff has not alleged any facts to support a plausible Section 1983 claim against Armor. Wholly absent are any allegations sufficient for the Court to construe that Plaintiff's constitutional rights were violated pursuant to some policy, practice, or custom of Armor as is required by Monell v. Dept. of Social Servs., 436 U.S. 658, 691-94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), and its progeny. Accordingly, Plaintiff's claim against Armor is sua sponte DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

B. Claim Against Haily

Plaintiff also names Haily as a Defendant. However, for the reasons that follow, Plaintiff's Section 1983 claim against her is not plausible because she is not a state actor and was not personally involved in the conduct of which Plaintiff complains.

1. State Action

As noted earlier, a claim for relief under Section 1983 must allege facts sufficient to establish that the defendant acted under color of state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983; Rae, 693 F. Supp. 2d at 223. Thus,

6

private persons are generally not liable under Section 1983.[2]  See Fabrikant v. French, 691 F.3d 193, 207 (2d Cir. 2012); see also Flagg v. Yonkers Sav. & Loan Ass'n, 396 F.3d 178, 186 (2d Cir. 2005) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action.").  "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (internal quotation marks and citations omitted).  Haily, who is alleged to be an administrator at Armor, is not a state actor.  Accordingly, Plaintiff's Section 1983 claim against her is not plausible and is thus DISMISSED WITHOUT PREJUDICE.

    2.  Personal Involvement

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional

---

[2] In limited circumstances not alleged here, private parties may act under color of state law "when the private actor 'is a willful participant in joint activity with the State or its agents.'"  Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)) (additional citation omitted).

7

deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in her individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement by Haily concerning the provision of medication to Plaintiff and it appears Plaintiff seeks to impose liability simply because of the supervisory position she holds. Consequently, the Section 1983 claim asserted against Haily is not plausible and is DISMISSED WITHOUT PREJUDICE.

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d

8

Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Upon such consideration, the Court GRANTS Plaintiff leave to file an Amended Complaint in accordance with this Order by May 30, 2014. In addition, Plaintiff is advised that "not every lapse in medical care is a constitutional wrong." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006). A valid constitutional claim requires a plaintiff to demonstrate that the defendant was "deliberate[ly] indifferen[t] to [his] serious illness or injury." Estelle v. Gamble, 429 U.S. 97, 105, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976). Deliberate indifference has an objective prong and a subjective prong. Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). The objective component requires that the deprivation be "sufficiently serious," creating a risk of "death, degeneration, or extreme pain." Id. (internal quotation marks omitted). The subjective component requires that "the charged official must act with a sufficiently culpable state of mind," which "is the equivalent of criminal recklessness." Id. Importantly, a prisoner's "mere allegations of negligent malpractice do not state a claim of deliberate indifference." Id.; see also Estelle, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a

9

prisoner.").[3]

Any Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear docket number 14-CV-0950(JS)(AKT). If Plaintiff fails to file an Amended Complaint within the time allowed, the Complaint shall be DISMISSED WITH PREJUDICE. If Plaintiff timely files an Amended Complaint it shall be reviewed pursuant to 28 U.S.C. § 1915A(a).

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED. Plaintiff's claims against the Defendants are DISMISSED for pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). Plaintiff is GRANTED leave to file an Amended Complaint no later than May 30, 2014. Any Amended Complaint must be captioned as an "Amended Complaint" and must bear the same docket number as this Memorandum and Order, 14-CV-0950(JS)(AKT). Plaintiff's Amended Complaint will replace his

---

[3] Plaintiff does not allege whether he is a convicted prisoner or a pretrial detainee. The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from inadequate medical care while the Eighth Amendment protects convicted prisoners from cruel and unusual punishment in the form of inadequate medical care. Burks v. Nassau Cnty. Sheriff's Dep't, 288 F. Supp. 2d 298, 301-02 (E.D.N.Y. 20013). Such distinction is of no moment because the standard for analyzing each claim is the same. Id. at 302 (citation omitted); see also Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009) ("Claims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment.").

original Complaint. Therefore, all claims and allegations Plaintiff wishes to pursue should be included in his Amended Complaint. If Plaintiff fails to amend his Complaint within the time allotted and/or the Amended Complaint fails to correct the deficiencies of the Complaint, the Court shall dismiss Plaintiff's claims against the Defendants with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the <u>pro se</u> Plaintiff.

SO ORDERED.

<u>/s/ JOANNA SEYBERT</u>
Joanna Seybert, U.S.D.J.

Dated: May __2__, 2014
      Central Islip, New York