```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
COREY JESSUP,

                      Plaintiff,
                                          MEMORANDUM & ORDER
          -against-                       14-CV-0950(JS)(AKT)

COUNTY OF NASSAU, MICHAEL J.
SPOSATO, Sheriff of Nassau County,
ARMOR CORR. HEALTH SERVICES,
INC., JOSE ARMAS, M.D.,
and VICKY HAILY, Administrator,

                      Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Corey Jessup, pro se
                    13009189
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No appearances.
```

SEYBERT, District Judge:

By Memorandum and Order dated May 2, 2014, the Court granted the in forma pauperis application filed by incarcerated pro se plaintiff Corey Jessup ("Plaintiff") and dismissed his Complaint against Armor Corr. Health Service, Inc. and Vicky Haily with leave to file an Amended Complaint no later than May 30, 2014. On June 26, 2014, Plaintiff filed an Amended Complaint against the County of Nassau ("Nassau County"), Nassau County Sheriff Michael J. Sposato ("Sheriff Sposato"), "Armor Corr. Health Services, Inc." ("Armor"), Jose Armas, M.D. ("Dr. Armas"), and Vicky Haily, Administrator ("Haily" and collectively, "Defendants").

Even though Plaintiff's Amended Complaint was not timely

filed, and Plaintiff has offered no explanation as to why it was filed approximately one month late, given Plaintiff's pro se status the Court has reviewed it pursuant to 28 U.S.C. § 1915A(a). Upon such review, the Court finds that Plaintiff has not alleged a plausible claim against any Defendant. Accordingly, the Amended Complaint is DISMISSED WITH PREJUDICE.

BACKGROUND[1]

I. The Original Complaint

Plaintiff's sparse original Complaint, submitted on the Court's Section 1983 complaint form, alleged that Plaintiff was denied adequate medical care while incarcerated at the Nassau County Correctional Center (the "Jail"). (Compl. ¶ IV.) More specifically, Plaintiff alleged that he takes three doses of Dilantin daily to control his epilepsy but, on December 31, 2013, he was not given a dose until 3:20 p.m. (Compl. ¶ IV.) On January 1, 2014, Plaintiff claimed that he was not given his second dose of seizure medication and, as a result, "went into a seizure attack" that night. (Compl. ¶ IV.) Plaintiff also claimed that, on January 7, 2014, he was not given his seizure medication until 8:00 p.m. although he was supposed to take it at 2:00 p.m. (Compl. ¶ IV.) Accordingly, Plaintiff wrote to Haily "who [has] yet to answer my letter." (Compl. ¶ IV.) As a result, Plaintiff demands

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

a damages award of $1 million for "frustration, anxiety, [and] inadequate health care[,] that led to a seizure on 1-1-14." (Compl. ¶ V.)

II. <u>The Amended Complaint</u>

The Amended Complaint is an eighteen-page handwritten document that sets forth generalized grievances pertaining to medical care provided to inmates at the Jail. (<u>See</u> <u>generally</u>, Am. Comp., Docket Entry 7.) The gravamen of Plaintiff's claim is that the medical care provided at the Jail is different from--and less than--the medical care that would be available to a civilian in the community. According to Plaintiff, Armor is contractually responsible for the cost of "canes, wheelchairs, walkers, etc., emergency urgent critical diagnostic intervention[] and other care, with consultations, [ ] specialists, laboratories, and other community-based providers and hospitals . . ." and therefore Armor is motivated to reduce costs and has promulgated policies to prevent the prescription of such services to inmates. (Am. Compl. ¶¶ 18-24.) Plaintiff also complains that Defendants have implemented the following policies as cost-saving measures: (1) in the Fall of 2013, Defendants ceased Tuberculosis screening for new inmates (Am. Compl. ¶¶ 33-35); (2) the Jail provides over-the-counter pain medication rather than prescription pain medication and that non-formulary medications are not prescribed to inmates, regardless of medical need (Am. Compl. ¶¶ 45-48); and (3) physical

3

therapy and occupational therapy are not provided to inmates regardless of medical need (Am. Compl. ¶ 49).

Plaintiff generally alleges that he has "been denied emergency, diagnostic, acute, chronic, specialized & standard medical care that's available in the community." (Am. Compl. ¶ 26.) Nowhere in the Amended Complaint does Plaintiff include any allegations concerning the epileptic seizure that Plaintiff had originally claimed was the medical condition underlying his denial of adequate medical care claim. Nor does Plaintiff provide any facts pertaining to his conclusory allegation that he has been denied "medical care that is available in the community." (Am. Compl. ¶ 26.)

For relief, Plaintiff seeks an order, declaring the contract between the County and Armor void and to "reestablish there [sic] previous contract with ("N.U.M.C.") or to establish such other contract as shall be appropriate to provide the Plaintiff and all other inmates [ ] here aat NCCC with adequate medical care . . . ." (Am. Compl. at 17-18.)

DISCUSSION

I. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune

4

from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id.; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

II. Rule 8 of the Federal Rules of Civil Procedure

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of

the claim showing that the pleader is entitled to relief." Under the now well-established Iqbal/Twombly standard, a complaint satisfies Rule 8 only if it contains enough allegations of fact to state a claim for relief that is "plausible on its face." Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678. This "plausibility standard" is governed by "[t]wo working principles." Iqbal, 556 U.S. at 670, 678; accord Harris v. Mills, 572 F.3d 66, 71–72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 (a pleading that offers "labels and conclusion" or "naked assertion[s]" devoid of "further factual enhancement" does not satisfy Rule 8). Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

Here, Plaintiff's allegations do not satisfy Rule 8. Plaintiff makes broad, conclusory accusations against Defendants that are wholly devoid of any factual support. In fact, the Complaint includes no facts to support Plaintiff's general, conclusory allegations, much less an explanation as to whether or

6

how Defendants' alleged actions pertain to him. See Bigio v. Coca-Cola Co., 675 F.3d 163, 173 (2d Cir. 2012) (dismissing claims comprised of "threadbare recitals of the elements" and "conclusory statements" (internal quotation marks and citation omitted)); Polur v. Raffe, 912 F.2d 52, 56 (2d Cir. 1990) (dismissing claims where plaintiff failed to "provide a factual basis for his claim"). Therefore the Complaint fails to state a cause of action upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

III. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has already granted Plaintiff leave to file an Amended Complaint. Notwithstanding the Court's guidance concerning the requirements of a valid deliberate indifference claim, see May 2, 2014 Order, Docket Entry 9, Plaintiff's Amended Complaint does not set forth a plausible claim. Accordingly, the Court DECLINES to grant Plaintiff leave to further amend the Complaint.

CONCLUSION

For the reasons set forth above, Plaintiff's claims against Defendants are DISMISSED WITH PREJUDICE for pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October   9  , 2014
       Central Islip, New York